UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND<br>ETHICS IN WASHINGTON<br>1400 Eye Street, N.W., Suite 450<br>Washington, DC 20005<br><br>    Plaintiff,<br><br>    v.<br><br>CENTRAL INTELLIGENCE AGENCY<br>Washington, DC 20505<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:07CV00620-RMC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER**

Defendant the Central Intelligence Agency ("Defendant"), by and through undersigned counsel, hereby answers Plaintiff's Complaint as follows:

1. Paragraph 1 contains Plaintiff's characterization of its lawsuit and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1 except to admit that Plaintiff has filed a lawsuit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. Paragraph 2 contains Plaintiff's characterization of the relief sought in this lawsuit, and thus no response is required. To the extent a response is required, Defendant admits that Plaintiff is seeking declaratory and injunctive relief in this action but denies that Plaintiff is entitled to such relief.

**JURISDICTION AND VENUE**

3. Paragraph 3 contains conclusions of law, not allegations of fact, and thus no response is required. Defendant denies any characterization of the cited statutory provisions, which speak

for themselves, and respectfully refers the Court to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 for a complete and accurate statement of their contents.  To the extent a response is required, Defendant admits that this Court is a proper venue for this action pursuant to FOIA, only to the extent that this Court has jurisdiction over this action under that statute.

      4.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4.

      5.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5.

      6.  Defendant denies the allegations in Paragraph 6.

      7.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first two sentences of Paragraph 7.  The remaining sentences of Paragraph 7 contain Plaintiff's characterizations of the contents of its website http://citizensforethics.org, which speak for themselves.  Defendant denies any characterization of those contents and respectfully refers the Court to that website for a complete and accurate statement of its contents.

      8.  Defendant denies the allegations in Paragraph 8 except to admit that Defendant is an agency within the meaning of 5 U.S.C. § 552(f).

      9.  Paragraph 9 contains Plaintiff's characterization of a provision of FOIA, not allegations of fact, and thus no response is required.  Defendant denies any characterization of the cited statutory provision, which speaks for itself, and respectfully refers the Court to 5 U.S.C. § 552 for a complete and accurate statement of its contents.

      10.  Paragraph 10 contains Plaintiff's characterization of a provision of FOIA, not allegations of fact, and thus no response is required.  Defendant denies any characterization of

the cited statutory provision, which speaks for itself, and respectfully refers the Court to 5 U.S.C. § 552(a)(6)(A)(i) for a complete and accurate statement of its contents.

    11. Paragraph 11 contains Plaintiff's characterization of a provision of FOIA, not allegations of fact, and thus no response is required. Defendant denies any characterization of the cited statutory provision, which speaks for itself, and respectfully refers the Court to 5 U.S.C. § 552(a)(6)(A)(ii) for a complete and accurate statement of its contents.

    12. Paragraph 12 contains Plaintiff's characterization of a provision of FOIA, not allegations of fact, and thus no response is required. Defendant denies any characterization of the cited statutory provision, which speaks for itself, and respectfully refers the Court to 5 U.S.C. § 552(a)(6)(B) for a complete and accurate statement of its contents.

    13. Paragraph 13 contains a conclusion of law and Plaintiff's characterization of a provision of FOIA, not allegations of fact, and thus no response is required. Defendant denies any characterization of the cited statutory provision, which speaks for itself, and respectfully refers the Court to 5 U.S.C. § 552(a)(4)(B) for a complete and accurate statement of its contents.

    14. Paragraph 14 contains Plaintiff's characterization of a provision of FOIA, not allegations of fact, and thus no response is required. Defendant denies any characterization of the cited statutory provision, which speaks for itself, and respectfully refers the Court to 5 U.S.C. § 552(a)(4)(F) for a complete and accurate statement of its contents.

    15. Defendant admits that its fee waiver regulations are found at 32 C.F.R. § 1900. The remaining allegations in Paragraph 15 are Plaintiff's characterization of those regulations and a provision of FOIA, not allegations of fact, and thus no response is required. Defendant denies any characterizations of the cited provisions, which speak for themselves, and respectfully refers

the Court to 5 U.S.C. § 552(a)(4)(A) and 32 C.F.R. § 1900 for a complete and accurate statement of their contents.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

16. Defendant denies the allegations in Paragraph 16 except to admit that Plaintiff submitted a FOIA request to the CIA dated February 15, 2007. Defendant respectfully refers the Court to the Letter from Anne L. Weismann to Information and Privacy Coordinator, Central Intelligence Agency (February 15, 2007), attached as Plaintiff's Complaint Exhibit A, for a true and accurate statement of its contents.

17. Defendant denies the allegations in Paragraph 17 except to admit that Plaintiff requested a waiver of fees associated with the processing of its FOIA request.

18. Defendant denies the allegations in Paragraph 18 except to admit that, by letter dated February 27, 2007, CIA Information and Privacy Coordinator Scott Koch advised Plaintiff that the CIA had received Plaintiff's February 15, 2007 FOIA request and that Plaintiff's request for expedited processing had been denied. Defendant further avers that Plaintiff's FOIA request expressly requested "Please respond to this request in writing within an expedited time-frame." Compl. Ex. A at 3.

19. Paragraph 19 contains legal conclusions, not allegations of fact, and thus no response is required.

## PLAINTIFF'S CLAIMS FOR RELIEF
## CLAIM ONE
### (Failure to Produce Records)

20. Defendant repeats and realleges the responses contained in the preceding paragraphs.

21. Defendant denies the allegations in Paragraph 21 except to admit that Plaintiff

submitted a FOIA request to the CIA dated February 15, 2007.

22. Defendant denies the allegations in Paragraph 22.

2. Defendant denies the allegations in Paragraph 2 [sic].

## PRAYER FOR RELIEF

The non-consecutively numbered paragraphs under the heading "Prayer for Relief" contain Plaintiff's prayer for relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the requested relief or any other relief.

Defendant denies any and all allegations of the Complaint not expressly admitted herein to which a response is required.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. This Court lacks jurisdiction over this action and the Complaint fails to state a claim upon which relief can be granted to the extent that Plaintiff has not exhausted its administrative remedies.

3. The Complaint fails to state a claim to the extent that the underlying FOIA request seeks records protected from disclosure by a FOIA exemption.

4. The Complaint fails to state a claim to the extent that it imposes obligations upon Defendant that exceed those imposed by FOIA.

Wherefore, Defendant respectfully requests that Plaintiff's prayer for relief be denied, that this action be dismissed with prejudice, and that Defendant be awarded its costs and such other relief as may be appropriate.

| | |
|---|---|
| Dated: May 4, 2007 | Respectfully submitted,<br><br>PETER D. KEISLER<br>Assistant Attorney General,<br>Civil Division<br><br>JEFFREY A. TAYLOR<br>United States Attorney<br><br>ELIZABETH J. SHAPIRO<br>Assistant Branch Director,<br>Federal Programs Branch<br><br>     s/Jacqueline Coleman Snead    <br>JACQUELINE COLEMAN SNEAD<br>(D.C. Bar No. 459548)<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue N.W., Room 7214<br>Washington, D.C.  20530<br>Tel.: (202) 514-3418<br>Fax: (202) 616-8470<br>Email: jacqueline.coleman@usdoj.gov<br><br>**Attorneys for the Central Intelligence Agency** |

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 4, 2007, a true and correct copy of the foregoing Answer was electronically filed through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available for viewing on that system.

                                                                                          s/ Jacqueline Coleman Snead
                                                                                        JACQUELINE COLEMAN SNEAD