UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON | : : : |
| Plaintiff, | : : |
| v. | :  Civil Action No.: 1:07CV00620-RMC |
| CENTRAL INTELLIGENCE AGENCY | : : : |
| Defendant. | : : |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR OPEN AMERICA STAY**

STATEMENT

In its Freedom of Information Act ("FOIA") request to the Central Intelligence Agency ("CIA"), CREW[1] sought a very discrete set of documents from the CIA - any and all documents dating from July 6, 2003, to the present of communications between the White House and the CIA regarding Valerie Plame Wilson and/or Joseph C. Wilson. As an ongoing backdrop to this matter, CREW represents Valerie and Joseph Wilson in their lawsuit against several high-ranking administration officials who abused their power by intentionally revealing Valerie Wilson's status as a covert CIA operative in retaliation for Joseph Wilson exposing false statements in the President's State of the Union Address. Thus, the documents CREW seeks from the CIA are records that are likely to contribute to the public's understanding of the extent to which the CIA may have been influenced in its treatment of Valerie Plame Wilson by the

---

[1] "CREW" is the acronym for plaintiff Citizens for Responsibility and Ethics in Washington.

White House following public disclosure of Mr. Wilson's findings during a February 2002 trip he took to Niger.

Rather than respond in a timely fashion, the CIA has now moved for a stay of this action until November 1, 2007. The CIA has not met its burden of showing that exceptional circumstances, and not its normal predictable agency workload, prevent it from complying with the FOIA's twenty-day -- or at most thirty-day -- time period for responding to requests for information. Nor has the CIA justified its request for almost nine months to process CREW's narrow FOIA request.

## FACTUAL BACKGROUND

On February 15, 2007, CREW sent a FOIA request to the CIA seeking records, regardless of format and including electronic records and information, of communications between the White House and the CIA regarding Valerie Plame Wilson and/or Joseph Wilson from July 6, 2003 to the present. CREW also sought a waiver of fees.

By letter dated February 27, 2007, CIA Information and Privacy Coordinator Scott Koch advised CREW that the CIA had received CREW's February 15, 2007 FOIA request. The letter further advised CREW that its request for expedited processing had been denied. By letter dated March 13, 2007, Mr. Koch further informed CREW that,

> The large number of FOIA requests CIA receives has created unavoidable delays making it unlikely that we can respond within the 20 working days the FOIA requires. You have the right to consider our honest appraisal as a denial of your request and you may appeal to the Agency Release Panel. A more practical approach would permit us to continue processing your request and respond to you as soon as we can. You will retain your appeal rights and, once you receive the results of our search, can appeal at that time if you wish. We will proceed on that basis unless you object.

See Letter from Scott Koch, CIA Information and Privacy Coordinator, March 13, 2007.

(attached as Exhibit A). The letter did not provide a telephone number or address for Mr. Koch or for the Agency Release Panel.

On April 4, 2007, CREW filed its complaint in this action. Pursuant to a jointly proposed briefing schedule, the CIA has now moved for a stay of this action.

## STATUTORY BACKGROUND

### The FOIA

The FOIA, 5 U.S.C. § 552, is a mandatory disclosure statute that requires federal agencies to release requested records to the public upon a request made by any person, unless one or more of nine statutory exemptions apply. The FOIA was enacted to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Dept of the Air Force v. Rose, 425 U.S. 352, 361, 96 S. Ct. 1592, 1599 (1976) (quotation omitted). The FOIA allows citizens to know "what the government is up to, U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773, 109 S. Ct. 1468, 1482 (1989), *reh'g denied*, No. 02-409, 2004 WL 108633 (U.S. May 17, 2004), and acts as a check against corruption by holding the government accountable to those it governs. NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242, 98 S. Ct. 2311, 2327 (1978).

Agency records not subject to a FOIA exemption must be disclosed upon the agency's receipt of a proper request. Such request must reasonably describe the records sought, 5 U.S.C. § 552(a)(3)(A), and must be made in accordance with the agency's published FOIA regulations. 5 U.S.C. § 552(a)(3)(A)(ii).

Upon receipt of a FOIA complaint, the district has jurisdiction to "enjoin the agency from withholding agency records and to order the production of any agency records improperly

withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). In a FOIA action, the agency bears the burden of justifying its failure to disclose the requested documents. Id. The agency does so through its Vaughn index or declarations. Summers v. U.S. Dep't of Justice, 140 F.3d 1077, 1080 (D.C. Cir. 1998); Vaughn v. Rosen, 484 F.2d 829, 823 (D.C. Cir. 1973).

## ARGUMENT

### I.    THE CIA HAS FAILED TO SHOW "EXCEPTIONAL CIRCUMSTANCES" EXIST IN ORDER TO BE GRANTED AN *OPEN AMERICA* STAY

An *Open America* stay is appropriate where "exceptional circumstances" exist and an agency can show that it "is deluged with a volume of requests for information vastly in excess of that anticipated by Congress [and] when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection (6)(A)." Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976). Courts may also consider additional factors in determining whether exceptional circumstances exist, including an agency's efforts to reduce its backlog; the size and complexity of requests being processed by the agency; the amount of classified material involved; and the number of requests for records by courts. See H.R. Rep. No. 104-795, at 24-25, 1996 U.S.C.C.A.N. 3448, 3468 (1996).

Exceptional circumstances do not exist, however, from a delay that results from a predictable agency workload of requests . . . unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. See Electronic Freedom of Information Act Amendments of 1996, Pub. L. No. 104-231 § 7(c), 5 U.S.C. § 552 (a)(6)(C)(iii).

Here, the CIA has failed to show that the delay it is experiencing in responding to CREW's FOIA request is due to a substantial backlog and is not a product of anything more than

its predictable agency workload of FOIA requests.  The supporting agency declaration is composed largely of boilerplate language that has limited applicability here.  Moreover, the CIA has not made any good faith effort at negotiating a mutually acceptable time table with CREW for producing the discrete body of records it seeks.

While touting that it is one of two agencies with "processing rates above 100 percent in all three years [2003 through 2005], meaning that [it] made continued progress in reducing [its] number of pending cases," it is clear that the CIA does not believe that it has a substantial backlog that it needs to make reasonable efforts to reduce.  CIA's Open America Stay Motion at 7 ("D's Stay"). Out of the 25 federal government agencies the Government Accounting Office ("GAO") analyzed using the agencies' own FOIA annual reporting data and improvement plans for fiscal years 2002 through 2005, the CIA not only had one of the smallest dockets of FOIA requests received,[2] but was one of the few agencies that described its goal of reducing its FOIA backlog based on a percentage of its existing backlog, as opposed to federal agencies like the Office of Personnel Management ("OPM") and the Department of Homeland Security ("DHS"), who planned to eliminate their backlogs altogether.  See U.S. Government Accountability Office, Freedom of Information Act: Processing Trends Show Importance of Improvement Plans, GAO-07-441 (March 2007) ("GAO Report") (available online at: http://www.gao.gov/new.items/d07441.pdf).

The agency must show more than a great number of requests to establish exceptional circumstances under the FOIA, Leadership Conference on Civil Rights v. Gonzalez, 404 F.

---

[2] The CIA's docket of FOIA requests received in Fiscal Year 2005 was 2,935, as compared to OPM with 12,085 FOIA requests received, and DHS with 163,016 FOIA requests received.  Id.

Supp. 2d 246, 259 n.4 (D.D.C. 2005), and here, the CIA has not even shown that. As previously stated, as compared to 24 other agencies who reported to the GAO, the CIA had the eighth fewest number of FOIA requests. See GAO Report, GAO-07-441.

Further, because the volume of documents likely to be found in response to CREW's discrete FOIA request will be limited, it does not appear that CREW's FOIA request is an appropriate one for CIA's complex track. An agency's ability to get the benefit of using a multi-tier tracking system should be based more on the actual amount of time it will take to respond to a FOIA, than on whether several offices might need to be contacted in order to fulfill a particular request.

In sum, the CIA has failed to show that its backlog is substantial and not its predictable ordinary workload of FOIA requests, nor has it shown that it is making any good faith effort to reduce its backlog of FOIA requests. Therefore, the Court should deny the CIA's request for a stay.

**II.    CREW'S CONDUCT DOES NOT SUPPORT GRANTING THE CIA ADDITIONAL TIME**

**A.    The CIA is Not Permitted to Simply "Take its Time" when Processing FOIA Requests**

The CIA appears to argue that it is permitted to take its time to respond to FOIA requests, allowing FOIA requests to languish in its office until it gets around to processing them. The FOIA never contemplated that agencies would simply allow FOIA requests to sit - - notwithstanding an agency's ability to be granted additional time where it can show "exceptional circumstances," or an agency's ability to handle FOIA requests on a "first-in, first-out basis - -

and not process FOIA requests within a twenty-day or thirty-day time period.[3]  Even under an agency's "first-in, first-out" system, however, the FOIA does not exclude an agency from the twenty-day timetable where its ordinary, predictable workload is at issue, and it cannot demonstrate that it is making reasonable progress in reducing its backlog of pending requests.  5 U.S.C. § 552 (a)(6)(C)(iii); see, e.g., Fiduccia v. U.S. Dep't. of Justice, 185 F.3d 1035 (9th Cir. 1999) (refusing the FBI's request for an *Open America* stay finding the FBI's affidavits showed its circumstances for not processing plaintiff's FOIA requests in a timely fashion "were unexceptional, a slight upward creep in the caseload," despite the FBI's claim that it fell far behind in processing FOIA requests because of employee cutbacks and a repeated rejection of its budget requests).  As shown, *supra,* the CIA has failed to make this showing.

Whether or not CREW shows an urgent need for the documents requested, the CIA does not have the right to create its own set of FOIA regulations that allow it to process FOIA requests based on its "as soon as we can" time-table.

### B.    The CIA's Failure to Arrange a Mutually Agreeable Time-table Should Counsel the Court Against Granting it's Stay

Defendant CIA's half-hearted attempt to depict CREW as unreasonable and unwilling to accommodate the CIA's exceptional circumstances and arrange an alternative time-table for processing CREW's FOIA request is disingenuous at best, and misleading at worst.  Since CREW filed its original FOIA request on February 15, 2007, over five months have passed and the CIA never once attempted to contact CREW to advise it about its intention to fulfill CREW's

---

[3] An agency has twenty working days in which to make a determination on a FOIA request.  5 U.S.C. § 552(a)(6)(B)(i).  In "unusual circumstances," an agency can extend the twenty-day time limit by ten days.  Id.

FOIA request by October 2007.

A form letter from the CIA FOIA office that states how unlikely it is that the CIA would respond within the statutorily defined 20-day time period, informing CREW of its right to consider the CIA's honest appraisal of its denial of CREW's request and informing CREW that "a more practical approach would permit us to continue processing your request and respond to you as soon as we can," is hardly an appeal to CREW to work with the CIA in order to accommodate a more reasonable time line for the CIA to process CREW's FOIA request. Instead, the CIA sent CREW its standard template letter that it was not going to meet the FOIA's required time-line for processing its FOIA request.[4]

Further evidence of the CIA's erroneous argument is the fact that the CIA's letter to CREW contained no telephone number or address for CREW to call or make an appeal for purposes of "discussing the more practical approach" of arranging an alternative timetable for processing its FOIA request.  Mr. Koch's declaration seems to suggest that there was a telephone number or some other contact information on his letter for CREW to contact his office: "The plaintiff did not contact my office to work out an alternative timetable for processing its request or communicate an objection to the timetable I described in my 13 March 2007 letter.  Also, the Plaintiff did not appeal the timetable decision I described in my 13 March 2007 letter to the Agency Release Panel."  Declaration of Scott Koch at ¶ 33.

First, the CIA never once gave CREW any such "timetable" to appeal.  There is no date

---

[4] The CIA describes its own communication methods with requesters as "correspondence templates."  See Plan and Report of the Central Intelligence Agency Submitted to the Attorney General of the United States and the Director of the Office of Management and Budget in Compliance with Executive Order 13392: Improving Agency Disclosure of Information, http://www.foia.cia.gov/txt/ImprovingDisclosure.pdf.

listed - - certainly not one of October 2007 - - in the CIA's letter. The best the CIA could do for CREW in its March 13, 2007 letter was to state that CREW should "permit us [the CIA] to continue processing your request and respond to you **as soon as we can**." For the CIA to now suggest that this was some good-faith attempt to encourage CREW to contact it in order for it to arrange an alternative mutually acceptable timetable is incredible.

The CIA's own website declares that, "the agency shall notify the person making the request if the request cannot be processed within the time limit specified in that clause and shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." See http://www.foia.cia.gov/txt/foia.txt. The CIA never once articulated a time table for processing CREW's FOIA request, requested that CREW narrow its request for records, or provided contact information for CREW to object to its "as soon as we can" time line.

Thus, it is the CIA's conduct, not CREW's, that should counsel the Court against granting the CIA's requested stay.

### III. ALTERNATIVELY, THE COURT SHOULD ORDER THE CIA TO RELEASE THE REQUESTED DOCUMENTS TO CREW ON A ROLLING BASIS

The value of information requested through the FOIA is partly a function of time. Congress intentionally gave agencies 20 days, not 240 days, to decide whether to comply with requests and to notify the requesters of its intentions to release or not release the requested documents. The FOIA seeks to ensure disclosure of information, rather than its suppression. In order to give the agency some time to review and process CREW's very discrete FOIA request,

and to not unduly delay the processing and delivery of documents responsive to CREW's FOIA request, the agency should be ordered to release documents to CREW in thirty-day intervals once it has reviewed the documents.[5]

## CONCLUSION

For the foregoing reasons, CREW respectfully requests that the Court deny defendant's motion for an *Open America* stay. In the alternative, CREW requests that the Court order the CIA to release the records on a rolling basis up to and including October 2007. Oral argument is requested.

                                                              Respectfully submitted,

                                                              /s/

                                                          Anne L. Weismann
                                                          (D.C. Bar No. 298190)
                                                          Kimberly D. Perkins
                                                          (D.C. Bar No. 481460)
                                                          Citizens for Responsibility and Ethics
                                                            in Washington
                                                          1400 Eye Street, N.W., Suite 450
                                                          Washington, D.C. 20005
                                                          Phone: 202-408-5565
                                                          Fax: 202-588-5020

                                                          Attorneys for Plaintiff

Dated: July 27, 2007

---

[5] Other agencies have agreed to release documents on a rolling basis in order to prevent further delay of a plaintiff's FOIA request. See Electronic Frontier Foundation v. Dep't. of Justice, 2007 U.S. Dist. LEXIS 33396 (D.D.C. 2007) (the Federal Bureau of Investigation agreed to release documents every four weeks on a rolling basis, rather than delay the release until the entire production was ready).

# EXHIBIT A

Central Intelligence Agency



Washington, D.C. 20505

MAR 1 3 2007

Anne L. Weismann, Esq.
Chief Counsel
CREW
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005

Reference: F-2007-00839

Dear Ms. Weismann:

    This is further to our letter of 27 February 2007 and concerns your 15 February 2007 Freedom of Information Act (FOIA) request for:

> "any and all documents dating from July 6, 2003, to the present of communications between the White House and the CIA regarding Valerie Plame Wilson and/or Joseph C. Wilson."

    We accept your request and will process it according to the FOIA, 5 U.S.C. § 552, as amended, and the CIA Information Act, 50 U.S.C. § 431, as amended. Unless you object, we will limit our search to CIA-originated records existing through the date of this acceptance letter. No fees will be charged as a matter of administrative discretion.

    The large number of FOIA requests CIA receives has created unavoidable delays making it unlikely that we can respond within the 20 working days the FOIA requires. You have the right to consider our honest appraisal as a denial of your request and you may appeal to the Agency Release Panel. A more practical approach would permit us to continue processing your request and respond to you as soon as we can. You will retain your appeal rights and, once you receive the results of our search, can appeal at that time if you wish. We will proceed on that basis unless you object.

Sincerely,

Scott Koch
Information and Privacy Coordinator